E-FILED
Wednesday, 31 May, 2006  03:52:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CR-20007 |
| ) | |
| JASPER VARGAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on two pre-trial motions: Defendant's Motion in Limine to Bar Use of Prior Convictions (#34) and the Government's Motion in Limine Concerning Admission of Evidence under Rule 404(b) (#39). This court has carefully considered the arguments raised in the Motions and the Responses thereto. Following this careful consideration of the issues raised, this court rules as follows: (1) the Government's Motion in Limine (#34) is DENIED; and (2) Defendant's Motion in Limine (#39) is GRANTED in part and DENIED in part.

### BACKGROUND

On February 3, 2005, Defendant, Jasper Vargas, was charged by indictment with the offense of knowingly possessing more than five kilograms of cocaine, a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). On May 23, 2005, the Government filed an Information and Notice Regarding Prior Convictions (#15). In this document, the Government gave notice of its intention to seek an enhancement of Defendant's sentence pursuant to 21 U.S.C. § 851. The Government listed two prior qualifying convictions: (1) a January 21, 1992, conviction of delivery of a controlled substance in Hidalgo County, Texas; and (2) a September 17, 1992, conviction of possession of marijuana in Hidalgo County, Texas. The

Government submitted that, by reason of these prior convictions, Defendant "shall be sentenced to increased punishment upon conviction, in this case a mandatory term of life imprisonment."

On March 21, 2005, Defendant filed a Motion to Quash Arrest and Suppress Evidence Illegally Seized (#12) and, on July 18, 2005, Defendant filed a Second Amended Motion to Quash Arrest and Suppress Evidence Illegally Seized (#20). On September 26, 2005, an evidentiary hearing was held, and, subsequently, the parties filed written Memoranda regarding the issues raised. On February 2, 2006, this court entered an Opinion (#31) and DENIED Defendant's Second Amended Motion to Quash Arrest and Suppress Evidence Illegally Seized (#20). This case was subsequently scheduled for a final pretrial conference on July 6, 2006, at 1:30 p.m. and a jury trial on July 17, 2006, at 9:00 a.m.

## PENDING MOTIONS

In anticipation of trial, Defendant and the Government each filed a Motion in Limine. Both motions relate to Defendant's prior convictions.

### I. GOVERNMENT'S MOTION IN LIMINE

On May 5, 2006, the Government filed a Motion in Limine Concerning Admission of Evidence under Rule 404(b) (#39). The Government stated that the charge in this case resulted from a traffic stop in which the tractor-trailer operated by Defendant was stopped by an Illinois State trooper. During a subsequent search of the trailer, law enforcement officers found and seized approximately 282 kilograms of cocaine, contained in 157 separate packages, located in a hidden compartment in the refrigeration unit in the front of the trailer. The Government stated that it believes that Defendant's theory of defense will be that he had no knowledge of the drugs in the trailer and that he was merely hauling produce. The Government stated that Defendant has three

prior felony convictions, the two 1992 convictions, for which he was sentenced to prison and released on parole in 2000, and a 1988 conviction of possession of a controlled substance with intent to deliver, for which he was sentenced to six years of probation.

In its Motion in Limine, the Government requested that it be allowed to introduce evidence in its case-in-chief of the fact of Defendant's 1992 conviction of delivery of cocaine and both the fact of and the facts underlying the 1992 conviction of possession of marijuana. The Government argued that this evidence would be relevant on the issues of intent, knowledge, plan, and absence of mistake under Rule 404(b) of the Federal Rules of Evidence.

On May 22, 2006, Defendant filed his Opposition to Government's Motion to Introduce Evidence of Criminal Acts Not Charged in the Case at Bar (#43). Defendant does not dispute that his defense is that he had no knowledge of the presence of drugs in the trailer.[1] Defendant argued that, based upon the Seventh Circuit's decision in United States v. Jones, 389 F.3d 753 (7th Cir. 2004), vacated on other grounds, 125 S. Ct. 2948 (2005), the Government has not met the requirements for the introduction of Defendant's prior convictions under Rule 404(b). This court agrees.

Rule 404(b) prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question. United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005). Such evidence can be admitted, however, if it is offered for purposes other than showing propensity, such as to establish intent, knowledge, lack of mistake, motive, or opportunity. Chavis, 429 F.3d at 667. A four-part

---

[1] The Government pointed out that, in his Motion in Limine (#34) Defendant stated that the sole issue at trial will be whether Defendant knew that the contraband was in the trailer.

standard governs the admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

Chavis, 429 F.3d at 667, quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

In Jones, the Seventh Circuit disagreed with a decision of this court to allow the Government to introduce evidence of the defendant's prior convictions at trial. The Seventh Circuit stated that, because the Government "failed to show that the priors were relevant at all for the purpose to which it wanted to put them," the prior convictions "were wrongly admitted." Jones, 389 F.3d at 758. In reaching this conclusion, the Seventh Circuit noted the difficulty in distinguishing when such evidence is being introduced to show propensity or being introduced to show intent. Jones, 389 F.3d at 756-57. The Seventh Circuit stated, "[i]t will be difficult, if not impossible, to know on which side of the line any particular past conviction falls without both specific evidence about the prior conviction and a well articulated theory of the legitimate purpose that it allegedly serves for the present case." Jones, 389 F.3d at 757. The Seventh Circuit further stated that, for the Government to show that a prior conviction is not being improperly used to show propensity and is instead being properly used to prove intent:

>the government must affirmatively show why a particular prior conviction tends to show the more forward-looking fact of purpose, design, or volition to commit the new crime. A prior conviction may be relevant to show intent if the defendant concedes that he possessed the drugs but denied that he planned to distribute them, or if he denies knowing that the substance was contraband. Merely introducing prior convictions without more, however, can prove nothing but propensity, which is not enough to take the evidence out of the exclusionary principle established by Rule 404(b).

Jones, 389 F.3d at 757-58.

In this case, the Government argued that Defendant's prior convictions are relevant and admissible under Rule 404(b) because Defendant is charged with a specific intent crime and his prior convictions may be introduced to prove intent. The Government also argued that the prior convictions "are relevant to the issues of knowledge and familiarity with the drug business - such as his opportunity to acquire and distribute cocaine and his knowledge of the distribution network and means of transportation." The Government stated that the facts of the 1992 conviction for possession of marijuana show that more than 81 pounds of marijuana was found in a hidden compartment behind the paneling in the right-rear corner of a motor home. The Government contended that, concerning this conviction, "the previous use of a hidden compartment, constructed in the vehicle intended to transport the drugs, is highly relevant to the defendant's knowledge of a hidden compartment, filled with cocaine, in the trailer he was pulling in this case." The Government argued that evidence of prior convictions involving hidden compartments has been recognized as

a probative means of proving knowledge.

In his Response in opposition, Defendant argued that, in the marijuana case, the drugs were found in a crude plexiglass box behind the paneling of a motor home. Defendant contended that this fact "has no relevance to proving that Defendant knew 13 years later that there was cocaine in the highly sophisticated hidden compartment in the refrigeration unit in the front of a semi-trailer." Defendant contended that the evidence of his prior convictions is not admissible because the prior convictions are not relevant as to any issue except propensity, the prior convictions are not similar or close enough in time to be relevant, and because the prejudicial effect of the evidence far outweighs its probative value.

The Government is correct that the crime Defendant is charged with is a specific intent crime. Therefore, intent is a required element of the offense, which the Government must prove beyond a reasonable doubt. Chavis, 429 F.3d at 667. The Seventh Circuit has repeatedly held that, when a defendant is charged with a specific intent crime, the Government may introduce evidence of other acts to prove intent. Chavis, 429 F.3d at 667; United States v. Puckett, 405 F.3d 589, 596 (7th Cir. 2005), cert. denied, 126 S. Ct. 252 (2005). However, the Seventh Circuit has also recognized that "the permissible use of prior convictions to prove intent may have the potentially impermissible side effect of allowing the jury to infer propensity." Chavis, 429 F.3d at 667, citing Jones, 389 F.3d at 757; see also United States v. Macedo, 406 F.3d 778, 792 (7th Cir. 2005). In Macedo, the Seventh Circuit noted that the district court has great discretion in a case like this, where the introduction of evidence of prior convictions is "valuable yet dangerous." Macedo, 406 F.3d at 792-93.

In exercising its discretion in this case, this court has considered the four-part standard and

concludes that the evidence of Defendant's prior convictions should not be admitted in the Government's case-in-chief. First, this court concludes that the evidence of Defendant's prior convictions would really just show propensity under these circumstances. This court notes that this is not a situation like those discussed in Jones because Defendant here is not claiming that he possessed the drugs but denying that he planned to distribute them, nor does he deny knowing that the substance was contraband. See Jones, 389 F.3d at 757-58; see also Puckett, 405 F.3d at 596 (evidence of prior conviction relevant and probative where the defendant conceded that he was in possession of an unusually large amount of cocaine, but denied that the drugs were intended for anything other than personal consumption). Second, this court concludes that the prior convictions in this case are not similar enough or close enough in time to be relevant. The prior convictions occurred more than 12 years before the date of the alleged offense in this case which, in this court's opinion, makes their relevance tenuous at best. Moreover, this court concludes, based upon the facts set out by the Government, that the facts of the prior marijuana conviction are not similar enough to the offense charged to make them relevant and probative as to Defendant's knowledge and intent in this case. This court notes that, regarding the third prong of the standard, Defendant does not dispute that the evidence of the prior convictions would be sufficient to support a jury finding that he committed the prior acts. However, as far as the fourth prong, this court agrees with Defendant that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. For the reasons stated, and based upon the reasoning of the Seventh Circuit in Jones, this court concludes that the Government will not be allowed to introduce evidence of Defendant's prior convictions in its case-in-chief pursuant to Rule 404(b). Accordingly, the Government's Motion in Limine Concerning Admission of Evidence under Rule 404(b) (#39) is DENIED.

## II.  DEFENDANT'S MOTION IN LIMINE

On April 26, 2006, Defendant filed his Motion in Limine to Bar Use of Prior Convictions (#34).  Defendant stated that the "sole issue at trial will be whether Defendant knew that the contraband was in the trailer, which he did not own."  Defendant further stated that, in order to present his defense, it is absolutely essential that he take the stand and testify as he is the only witness who can address this issue on his behalf.  Defendant sought an order from this court prohibiting the Government from impeaching Defendant with his 1988 and 1992 convictions.  Defendant argued that the 1988 conviction is barred by the ten-year rule in Rule 609(b) of the Federal Rules of Evidence and that, given the close similarity of the two 1992 convictions to the pending charge, the introduction of the 1992 convictions for impeachment would be more prejudicial than probative.

On May 19, 2006, the Government filed its Response to Defendant's Motion to Limine to Bar Use of Prior Convictions (#40).  The Government agreed that the 1988 conviction is not admissible under Rule 609.  The Government argued, however, that it should be allowed to impeach Defendant with the remaining two convictions.  This court agrees.

Rule 609 provides that, for purposes of attacking a defendant's credibility, "evidence that the accused has been convicted of a crime within ten years of the present offense punishable by more than one year in prison shall be admitted if the court determines that the 'probative value of admitting this evidence outweighs its prejudicial [effect]."  Rodriquez v. United States, 286 F.3d 972, 983 (7th Cir. 2002), quoting Fed. R. Evid. 609; see also United States v. Smith, 131 F.3d 685, 687 (7th Cir. 1997); United States v. Hernandez, 106 F.3d 737, 739 (7th Cir. 1997).  Under Rule 609(b), "[e]vidence of a conviction under this rule is not admissible if a period of more than ten

years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Fed. R. Evid. 609(b). In this case, it is undisputed that Defendant was imprisoned following the 1992 convictions and was released on parole in 2000. Therefore, his two 1992 convictions are well within the ten year limit established by Rule 609(b). See Fed. R. Evid. 609(b). The question before this court is whether the probative value of the evidence outweighs its prejudicial effect.

Some of the factors a district court should consider when weighing prejudice against probative value are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the crime charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005); Rodriguez, 286 F.3d at 983; Smith, 131 F.3d at 687; Hernandez, 106 F.3d at 739-40. These factors are a guide to the discretion of the district court, and it is within the discretion of the court to decide whether to admit the evidence. Hernandez, 106 F.3d at 740.

In considering the relevant factors, this court notes that the impeachment value of the evidence is somewhat limited because Defendant's prior drug convictions are not convictions for crimes involving dishonesty or false statement. However, the idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully. Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992), citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). Rule 609 embodies "[t]he proposition that felons perjure themselves more often than other, similarly situated witnesses." Charles v. Cotter, 867 F. Supp. 648, 656 (N.D. Ill. 1994), quoting Campbell, 831 F.2d at 707. Moreover, the Seventh Circuit has specifically stated that "[t]he jury has a right under the

law to hear that any witness, whether it is the defendant or not, has a felony record that is or can be considered to be impeaching." United States v. Toney, 27 F.3d 1245, 1253-54 (7th Cir. 1994). Based upon this precedent, this court agrees with the Government that Defendant's prior convictions are probative evidence of his credibility. This court further notes that, in considering other relevant factors, there is no dispute that Defendant's testimony will be important in this case and that Defendant's credibility will be the central issue if Defendant elects to testify. This court also notes that, in ruling on the Government's Motion in Limine, it accepted Defendant's argument that Defendant's prior convictions were not similar enough or close enough in time to be relevant to the offense charged. This court therefore has no trouble concluding that Defendant's prior convictions are not so similar to the crime charged in this case to be unduly prejudicial. This court therefore concludes that the probative value of Defendant's prior convictions for impeachment outweighs the prejudicial effect of presenting the evidence to the jury.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion in Limine Concerning Admission of Evidence under Rule 404(b) (#39) is DENIED. The Government will not be allowed to introduce evidence of Defendant's prior convictions during its case in chief.

(2) Defendant's Motion in Limine to Bar Use of Prior Convictions (#34) is GRANTED in part and DENIED in part. The Government has agreed that Defendant's 1988 conviction cannot be used for impeachment purposes. However, this court rules that, if Defendant testifies, the Government may introduce evidence of Defendant's 1992 conviction of possession of marijuana and his 1992 conviction of delivery of a controlled substance (cocaine) for impeachment purposes.

(3) This case remains scheduled for a final pretrial conference on July 6, 2006, at 1:30 p.m. and for a jury trial on July 17, 2006, at 9:00 a.m.

ENTERED this 31st day of May, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE