## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CR-20007 |
| ) | |
| **JASPER VARGAS,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

This case is before the court for ruling on Defendant's Response to Government's Notice of Introduction of Evidence under Federal Rule of Evidence 404(b) (#52). Because Defendant has asked this court to bar certain evidence at trial, this court has construed it as a motion in limine. The Government has responded to Defendant's arguments in its Response to Defendant's Motion to Bar Evidence (#55). This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, Defendant's motion in limine (#52) is DENIED.

### BACKGROUND

On February 3, 2005, Defendant, Jasper Vargas, was charged by indictment with the offense of knowingly possessing more than five kilograms of cocaine, a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). Defendant was represented by retained counsel, David C. Thomas. On May 23, 2005, the Government filed an Information and Notice Regarding Prior Convictions (#15). In this document, the Government gave notice of its intention to seek an enhancement of Defendant's sentence pursuant to 21 U.S.C. § 851. The Government listed two prior qualifying convictions: (1) a January 21, 1992, conviction of delivery of a controlled substance in Hidalgo County, Texas; and (2) a September 17, 1992,

conviction of possession of marijuana in Hidalgo County, Texas. The Government submitted that, by reason of these prior convictions, Defendant "shall be sentenced to increased punishment upon conviction, in this case a mandatory term of life imprisonment."

On March 21, 2005, Defendant filed a Motion to Quash Arrest and Suppress Evidence Illegally Seized (#12) and, on July 18, 2005, Defendant filed a Second Amended Motion to Quash Arrest and Suppress Evidence Illegally Seized (#20). On September 26, 2005, an evidentiary hearing was held, and, subsequently, the parties filed written Memoranda regarding the issues raised. On February 2, 2006, this court entered an Opinion (#31) and DENIED Defendant's Second Amended Motion to Quash Arrest and Suppress Evidence Illegally Seized (#20). This case was subsequently scheduled for a final pretrial conference on July 6, 2006, at 1:30 p.m. and a jury trial on July 17, 2006, at 9:00 a.m.

In anticipation of trial, Defendant and the Government each filed a Motion in Limine relating to Defendant's prior convictions. Defendant has three prior felony convictions, the two 1992 convictions, for which he was sentenced to prison and released on parole in 2000, and a 1988 conviction of possession of a controlled substance with intent to deliver, for which he was sentenced to six years of probation.

In its Motion in Limine (#39), the Government requested that it be allowed to introduce evidence in its case-in-chief of the fact of Defendant's 1992 conviction of delivery of cocaine and both the fact of and the facts underlying the 1992 conviction of possession of marijuana. The Government argued that this evidence would be relevant on the issues of intent, knowledge, plan, and absence of mistake under Rule 404(b) of the Federal Rules of Evidence. In his Motion in Limine (#34), Defendant stated that the "sole issue at trial will be whether Defendant knew that the

contraband was in the trailer, which he did not own." Defendant further stated that, in order to present his defense, it was absolutely essential that he take the stand and testify as he was the only witness who could address this issue on his behalf. Defendant sought an order from this court prohibiting the Government from impeaching Defendant with his 1988 and 1992 convictions.

On May 31, 2006, this court entered an Opinion (#44) ruling on the motions. After carefully considering the applicable case law concerning the admissibility of evidence under Rule 404(b) of the Federal Rules of Evidence, this court denied the Government's Motion in Limine, finding that the Government had not met the requirements for the introduction of Defendant's prior convictions under Rule 404(b). This court stated that, in exercising its discretion in this case, this court considered the four-part standard and concluded that the evidence of Defendant's prior convictions should not be admitted in the Government's case-in-chief. In ruling on Defendant's Motion in Limine, this court noted that the Government agreed with Defendant that his 1988 conviction was not admissible under Rule 609 of the Federal Rules of Evidence. Therefore, Defendant's Motion was granted in part as to the 1988 conviction. However, after careful analysis, this court concluded that the Government was correct that it should be allowed to impeach Defendant with the remaining two 1992 convictions. Therefore, Defendant's Motion was denied as to the 1992 convictions. In summary, this court ruled that the Government would not be allowed to introduce evidence of Defendant's prior convictions during its case in chief but that, if Defendant testifies, the Government may introduce evidence of Defendant's 1992 conviction of possession of marijuana and his 1992 conviction of delivery of a controlled substance (cocaine) for impeachment purposes.

Following this ruling, on June 29, 2006, Defendant filed a pro se Motion to Appoint New Counsel (#45). A hearing was held on Defendant's Motion on July 6, 2006. At the hearing, this

court granted Defendant's Motion and David C. Thomas was terminated as counsel for Defendant. John Taylor of the Federal Defender's office was appointed to represent Defendant in this case. Defendant then requested a continuance, which was granted. A status conference was held on August 4, 2006, and the case was set for a final pretrial conference on December 22, 2006, and a jury trial on January 16, 2007. On October 26, 2006, Magistrate Judge David G. Bernthal appointed Attorney Mark C. Palmer to serve as second chair for defense counsel, John Taylor. At the final pretrial conference on December 22, 2006, this court allowed the parties until December 29, 2006, to file additional motions in this case.

## PENDING MOTION

On December 29, 2006, Defendant filed a Response to Government's Second Notice of Introduction of Evidence Under Federal Rule of Evidence 404(b) (#52). Defendant stated that the Government had advised him of additional Rule 404(b) evidence it intended to introduce at trial. Defendant argued that recent Seventh Circuit case law has recognized that it is very difficult to distinguish propensity evidence from evidence relevant to intent or knowledge. See United States v. Jones, 389 F.3d 753 (7th Cir. 2004). Defendant argued that the distinction between the relevance as to "knowledge" and relevance as to "propensity" in this case is too thin to allow the Government to present the proposed evidence. Defendant argued that there is a danger that the jury may use the proposed evidence as evidence of propensity to "'tip the scales' in what is clearly a close case on guilt." Defendant contended that, in this case, the danger of unfair prejudice substantially outweighs the probative value of the proposed evidence and the evidence should be barred. As previously noted, because Defendant is seeking an order barring evidence the Government intends to introduce, this court has construed Defendant's Response as a motion in limine.

On January 5, 2007, the Government filed its Response to Defendant's Motion to Bar Evidence (#55). The Government stated that the charge against Defendant is based upon law enforcement officers finding approximately 282 kilograms of cocaine hidden in the refrigeration unit of a white Utility trailer containing produce that was pulled by a tractor driven by Defendant on November 20, 2004, on Interstate 57 in Iroquois County, Illinois. The cocaine was packaged in 157 square bundles, each tightly wrapped in paper and cellophane. The Government pointed out that it will have the burden, at trial, to prove beyond a reasonable doubt that Defendant "knowingly" possessed the cocaine. The Government stated that the main contested issue at trial will be whether Defendant possessed the cocaine "knowingly."

The Government then set out in detail the evidence it intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence. The Government stated that it intends to introduce testimony from law enforcement officers and Juan Mendoza that, on January 11, 2003, Mendoza was arrested in the Southern District of Texas after agents found approximately 1,330 pounds (600 kilograms) of marijuana in a tractor-trailer driven by Elio Longoria in which Mendoza was a passenger. The Government stated that the evidence will show that the tractor was a 1992 brown Peterbilt and the trailer was a 1990 white Utility trailer. The marijuana was contained in 65 square shaped bundles wrapped in paper and cellophane and the packages were found in the front end of the white, refrigerated Utility trailer, hidden behind and among produce. The Government stated that Mendoza will testify that Defendant arranged for the transport of the contraband, including obtaining the contraband and the produce "cover load." The Government stated that Mendoza's testimony would be supported by evidence that (1) Mendoza pleaded guilty to possession of marijuana with intent to distribute it and was sentenced to the Federal Bureau of Prisons; (2)

5

Defendant had previously been stopped and identified driving a tractor pulling the same trailer on November 1, 2002; and (3) Defendant had applied for and obtained a 72-hour permit for the tractor-trailer from the Texas Department of Transportation for $25 cash on January 10, 2003, to be effective from January 10, 2003 to January 13, 2003, which allowed the truck to haul produce during the time of the seizure on January 11, 2003.

The Government stated that it also intends to introduce evidence regarding a seizure of a tractor-trailer on December 5, 2002. The Government stated that it intends to introduce testimony from law enforcement officers that, on December 5, 2002, agents at the U.S. Border Patrol Checkpoint in Falfurrias, Texas, found approximately 405 pounds (184 kilograms) of marijuana in a tractor-trailer leased by Defendant. The trailer involved in this seizure was also a white Utility trailer. The marijuana was contained in 64 square shaped bundles wrapped in clear plastic bags and was found in the refrigerated Utility trailer. A lease agreement with the registered owner of the Utility trailer and a billing statement shows that Defendant paid $1,730 in cash towards the rental of the trailer from November 21, 2002, to December 21, 2002.

The Government stated that it also intends to introduce testimony from Mario Alberto Martinez that, around November 2002, Defendant was in control of 55 pounds of marijuana that belonged to a supplier. The evidence would show that Defendant knew that Martinez had contact with a potential buyer in Corpus Christi, Texas, so Defendant and Mendoza introduced Martinez to the supplier. Martinez then introduced the buyer and the supplier to each other and received money for arranging the sale. Martinez received additional money for the successful delivery of the marijuana to the buyer via a tractor-trailer driven by Defendant. The Government stated that Martinez's testimony would be supported by evidence that Martinez pleaded guilty to drug charges

6

arising out of this incident and was sentenced to the Federal Bureau of Prisons.

The Government also stated that it intends to introduce evidence from Natris Morris that, while Morris was incarcerated with Defendant at the DeWitt County jail, Defendant told Morris that Defendant had previously transported narcotics to Tennessee for an individual named "Gonzalez," and also told Morris that this was the same individual for whom he was transporting the cocaine in this case.

The Government argues that it should be allowed to introduce all of this evidence under Rule 404(b) because the evidence is not being introduced to show propensity but instead is relevant to the contested issue of Defendant's knowledge.  The Government contends that the evidence should be allowed based upon the Seventh Circuit's four-part test for determining if evidence can be properly admitted under Rule 404(b).

Rule 404(b) prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question.  United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005).  Such evidence can be admitted, however, if it is offered for purposes other than showing propensity, such as to establish intent, knowledge, lack of mistake, motive, or opportunity.  Chavis, 429 F.3d at 667.  A four-part standard governs the admissibility of evidence under Rule 404(b):

> (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant

>committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

Chavis, 429 F.3d at 667, quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

As far as the first factor, the Government noted that, in this case, the sole articulated theory of defense calls into question the Government's ability to prove knowledge. The Government contends that, where, as here, the defendant denies knowledge, knowledge must be proved by the defendant's conduct and all the facts and circumstances surrounding the case. The Government argues that the "proffered other acts relating to the defendant's involvement in the transportation of distribution amounts of illegal drugs by tractor-trailer tend to show in this case that the defendant was aware of the presence of the packaged cocaine, along with the produce, in the refrigerated tractor-trailer, and did not act through ignorance, mistake, or accident." As noted previously, the Government therefore contends that the evidence is not being offered to show propensity but, instead, is highly relevant to the issue of Defendant's knowledge.

In this case, there is no dispute that Defendant's defense theory is that he did not know the cocaine was in the tractor-trailer he was driving. This court agrees with the Government that this case is similar to the situation presented to the Seventh Circuit in Chavis. In that case, the defendant claimed that he was completely innocent and that the evidence that he was involved in a conspiracy to distribute crack cocaine was "an unfortunate, but explainable, chain of events." Chavis, 429 F.3d at 669. The Seventh Circuit held that the district court properly admitted, under Rule 404(b), evidence of the defendant's prior conviction of possession of crack cocaine with intent to distribute and evidence of cash and tools of the drug trade discovered at the time of the

8

defendant's arrest. See Chavis, 429 F.3d at 667-70. The Seventh Circuit stated that the evidence "had a high probative value on [the defendant's] intent and knowledge relating to the conspiracy to distribute crack cocaine." See Chavis, 429 F.3d at 670. This court also agrees with the Government that United States v. Smith, 995 F.2d 662 (7th Cir. 1993) is instructive. In Smith, the defendant was charged with conspiracy to distribute marijuana. The defendant claimed that he was unaware that he was hauling marijuana and could not have knowingly joined any conspiracy to distribute marijuana. Smith, 995 F.2d at 669. At trial, the Government introduced testimony from a witness that the defendant had previously hauled a truckload of marijuana for him. Smith, 995 F.2d at 671. The Seventh Circuit held that this evidence was properly admitted under 404(b) because the evidence was used to establish the defendant's knowledge and intent to distribute marijuana and not his propensity to distribute. Smith, 995 F.2d at 672. Based upon Chavis and Smith, this court concludes that the evidence the Government seeks to introduce in this case is relevant to the issue of knowledge and is not being offered to show propensity.

As far as the second factor, this court agrees with the Government that the evidence is similar enough and close enough in time to be relevant to the matter in issue. See Smith, 995 F.2d at 672 (evidence that the defendant previously hauled a truckload of marijuana was similar enough and close enough in time where only two years separated the prior act and the charged acts). As far as the third factor, this court agrees with the Government that it has shown that the evidence it intends to introduce is sufficient to support a jury finding that Defendant committed the similar acts.

Defendant has focused on the fourth factor, and argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The Seventh Circuit has held that "[e]vidence is unfairly prejudicial only to the extent that it will cause the jury to decide the case

on improper grounds." <u>Chavis</u>, 429 F.3d at 668, <u>quoting</u> <u>United States v. Jones</u>, 248 F.3d 671, 676 (7th Cir. 2001). Defendant contends that the danger is that the jury will consider the evidence as evidence of propensity. However, this court notes that Defendant has proposed a limiting instruction to the jury, which this court intends to give, which states that the evidence of other acts of Defendant can only be considered on the question of Defendant's knowledge. Based upon the presumption that jurors follow the instructions of the court, this court finds that the danger of unfair prejudice is relatively small. <u>See</u> <u>Chavis</u>, 429 F.3d at 668-69. This court further concludes that the Government has shown that the proposed evidence is very relevant to the issue of Defendant's knowledge. Therefore, this court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Because this court has concluded that the Government has shown that the proposed evidence is admissible under Rule 404(b) based upon the Seventh Circuit's four-part test, Defendant's Response to Government's Second Notice of Introduction of Evidence Under Federal Rule of Evidence 404(b) (#52), which this court has construed as a motion in limine, is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Response to Government's Second Notice of Introduction of Evidence Under Federal Rule of Evidence 404(b) (#52), which this court has construed as a motion in limine, is DENIED.

(2) This case remains scheduled for a jury trial on Tuesday, January 16, 2007, at 9:00 a.m.

ENTERED this 11th day of January, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE