# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CR-20007 |
| ) | |
| **JASPER VARGAS,** ) | |
| ) | |
| **Defendant.** ) | |

## **OPINION**

This case is before the court for ruling on the Motion for Judgment of Acquittal or, in the Alternative, a New Trial (#69) filed by Defendant, Jasper Vargas. Following this court's careful consideration of the arguments raised by Defendant, Defendant's Motion (#69) is DENIED.

On January 31, 2007, following a jury trial, Defendant was found guilty of the offense of knowingly possessing more than five kilograms of cocaine, a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). A sentencing hearing has been scheduled for May 2, 2007, at 11:00 a.m.

Prior to trial, Defendant sought an order from this court barring the Government from presenting evidence of Defendant's alleged prior drug trafficking under Rule 404(b) of the Federal Rules of Evidence. In Response, the Government argued that it should be allowed to introduce the evidence under Rule 404(b) because the evidence was not being introduced to show propensity but instead was relevant to the contested issue of Defendant's knowledge.

On January 11, 2007, this court entered an Opinion (#56) which denied Defendant's request for an order barring the Government from presenting evidence under Rule 404(b). This court carefully considered the arguments of both parties and concluded, based upon relevant case law from

the Seventh Circuit Court of Appeals, that the evidence was admissible based upon the four-part test used to determine the admissibility of evidence under Rule 404(b). This court concluded that the evidence the Government sought to introduce in this case was relevant to the issue of knowledge and was not being offered to show propensity, that the evidence was similar enough and close enough in time to be relevant to the matter in issue, that the Government had shown that the evidence it intended to introduce was sufficient to support a jury finding that Defendant committed the similar acts, and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

On February 5, 2007, Defendant filed his Motion for Judgment of Acquittal or, in the Alternative, a New Trial (#69). Defendant stated that he was raising only one issue in his post-trial motion: whether this court erred when it refused to bar Rule 404(b) evidence of alleged prior drug trafficking activity by Defendant. Defendant noted that the evidence presented at trial was not substantially different from the evidence recited by the parties in their pretrial arguments before this court. Defendant stated that he renewed his objection and the reasoning contained in his pretrial motion regarding this evidence. Defendant argued that the probative value of the Rule 404(b) evidence was substantially outweighed by its prejudicial effect and that the Rule 404(b) evidence was indistinguishable from "propensity" evidence.

This court agrees with Defendant that the evidence presented at trial was, in all material respects, the same as the evidence recited to this court before trial. This court therefore adheres to its pretrial ruling on this issue, which this court believes is well supported by the relevant case law in the Seventh Circuit.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Judgment of Acquittal or, in the Alternative, a New Trial (#69) is DENIED.

(2) This case remains scheduled for sentencing on May 2, 2007, at 11:00 a.m.

ENTERED this 20th day of February, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE